# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JHENSY SAILLANT, | CIVIL ACTION NO. 1:20-CV-1949 |
| Petitioner | (Judge Conner) |
| v. | |
| COMMONWEALTH OF PENNSYLVANIA, | |
| Respondent | |

## MEMORANDUM

Petitioner Jhensy Saillant, an immigration detainee presently confined at the Etowah County Detention Center in Gadsden, Alabama, filed a petition for writ of error *coram nobis* under the All Writs Act, 28 U.S.C. § 1651, and a motion to vacate judgment under 28 U.S.C. § 2255, to challenge his 2015 conviction from the Court of Common Pleas of Franklin County, Pennsylvania.  (Doc. 1).

At this time, the court will review the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases, made applicable to other habeas petitions through Rule 1(b) of those rules as well as Rule 4 of the Rules Governing Section 2255 Proceedings.  See R. GOVERNING § 2254 CASES R.4, 1(b) ("The district court may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a)"); R. GOVERNING § 2255 PROCEEDINGS R.4; see also 28 U.S.C. § 2243 (providing that the court shall issue the writ "unless it appears from the application that the applicant or person detained is not entitled thereto").

For the reasons that follow, the court will dismiss the petition for lack of jurisdiction.

I.   **Background**

Petitioner entered a plea of *nolo contendere* to theft by deception for issuing a $200 check and was sentenced to six months' probation on May 13, 2015, in the Court of Common Pleas of Franklin County. (Doc. 1 at 1); see also Commonwealth v. Saillant, No. CP-28-CR-662-2015, Criminal Dkt. at 1. Petitioner alleges that his attorney advised him that he would not go to jail and would only receive a six-month probation sentence if he entered that plea, but that his attorney was ineffective for failing to advise him that by doing so, he would be subject to deportation from the United States. (Id. at 2). A review of the state court docket for petitioner's criminal conviction reveals that petitioner did not file a direct appeal from his conviction and sentence.

In or around 2018, petitioner was taken into custody by the Bureau of Immigration and Customs Enforcement, and he has since been ordered removed by an immigration judge. (Id.)

On February 8, 2019, petitioner filed a petition pursuant to the Pennsylvania Post-Conviction Relief Act ("PCRA"), which was ultimately dismissed on October 18, 2019. See Commonwealth v. Saillant, No. CP-28-CR-662-2015, Criminal Dkt. at 5, 8. On August 10, 2020, petitioner filed another PCRA petition, which was dismissed on October 20, 2020. See Commonwealth v. Saillant, No. CP-28-CR-662-2015, Criminal Dkt. at 9. No appeals have been filed regarding the dismissal of his PCRA petitions.

2

In the instant petition, petitioner argues that his pending immigration deportation is a continuing consequence to his state court conviction, and seeks for the court to set aside his plea and vacate his state court conviction due to the ineffectiveness of his counsel in failing to advise him of the immigration consequences of his *nolo contendere* plea.[1] (Doc. 1 at 3, 22).

## II. Discussion

Under the All Writs Act, "[t]he Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principals of law." 28 U.S.C. § 1651(a). The Act has generally been used as a residual source of authority for courts to issue writs that are not otherwise covered by a statute. Pa. Bureau of Corr. v. U.S. Marshals Serv., 474 U.S. 34, 43 (1985). When appropriate, a petition for writ of error *coram nobis* may be brought under the All Writs Act. See Hernandez v. Pennsylvania, No. 19-CV-279, 2020 WL 564902, at *1 (E.D. Pa. Feb. 5, 2020) (citing United States v. Morgan, 346 U.S. 502, 506 (3d Cir. 1954)).

"A petition for a writ of *coram nobis* provides a way to collaterally attack a criminal conviction for a person . . . who is no longer 'in custody' and therefore cannot seek habeas relief under 28 U.S.C. § 2255 or § 2241." Chaidez v. United States, 568 U.S. 342, 345 n.1 (2013) (citing Morgan, 346 U.S. at 507, 510-511). In such

---

[1] Petitioner has separately challenged his continued immigration detention in a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. See No. 20-CV-609, Doc. 1 (M.D. Pa.) In that proceeding, the court determined that his detention was not unreasonably prolonged and denied the petition. See No. 20-CV-609, Doc. 10 at 7.

3

circumstances, "[t]he rare remedy of a writ of error *coram nobis* may be 'used to attack allegedly invalid convictions which have continuing consequences, when the petitioner has served his sentence and is no longer in custody for purposes of 28 U.S.C. § 2255.'" Mendoza v. United States, 690 F.3d 157, 159 (3d Cir. 2012) (quoting United States v. Stoneman, 870 F.2d 102, 105-06 (3d Cir. 1989)).

Although a writ of error *coram nobis* may be sought under the All Writs Act, it "may not be used to avoid AEDPA's gatekeeping requirements" and, for state convictions, "is only available in state court, not federal court." Hernandez v. Pennsylvania, 2020 WL 564902, at *2 (citing Obado v. New Jersey, 328 F.3d 716, 718 (3d Cir. 2012) (agreeing with the Fourth, Fifth, Seventh, and Tenth Circuit Courts of Appeals that *coram nobis* is not available in federal court as a means of attack on a state criminal judgment)). More than a year has elapsed since the finality of petitioner's state court conviction, and, therefore, any petition brought pursuant to 28 U.S.C. § 2254 would be untimely. See 28 U.S.C. § 2244(d)(1)(A). Because the relief petitioner seeks is only available in state court, this court lacks jurisdiction over his petition to the extent that he seeks a writ of error *coram nobis*. See Hernandez, 2020 WL 564902, at *2.

The court also lacks jurisdiction over the claims to the extent that petitioner seeks to raise them pursuant to 28 U.S.C. § 2255. Such a motion may only be brought by a petitioner who was convicted and sentenced of a crime in a federal court. See 28 U.S.C. § 2255(a) ("A prisoner in custody under sentence of a court established by Act of Congress . . . may move the court which imposed the sentence to vacate, set aside or correct sentence.").

### III. Certificate of Appealability

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a "final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or the final order in a proceeding under section 2255." 28 U.S.C. § 2253(c)(1). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Here, jurists of reason would not find it debatable whether this court is correct in its procedural ruling. No certificate of appealability shall issue.

### IV. Conclusion

For the reasons set forth above, the petition will be dismissed for lack of jurisdiction, and a certificate of appealability shall not issue. An appropriate Order follows.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated: May 14, 2021